IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

GARY ALEXANDER,

      Appellant,

 v.

Case No.  5D23-54
LT Case No. 2015-CF-7298

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 26, 2023

3.850 Appeal from the Circuit Court
for Duval County,
Gilbert L. Feltel, Jr., Judge.

Michelle R. Walsh, of Law Offices of
Michelle Walsh, P.A., Miami, for
Appellant.

Ashley Moody, Attorney General, and
Trisha Meggs Pate, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

Appellant, Gary Alexander, sought relief pursuant to Florida Rule of Criminal Procedure 3.850 arguing that he rejected the State's pre-trial offer of a six-year prison term because of the affirmative misadvice of his counsel. His counsel's misadvice was that the State would have to prove that Appellant conspired with each and every member of the alleged conspiracy, which is wrong. After rejecting the six-year offer, Appellant proceeded to trial, was found guilty, and was sentenced to 20 years with the Department of Corrections with a 15-year minimum mandatory term. Appellant is satisfied with the lower court's ruling that he was prejudiced by ineffective assistance of counsel, but he appeals the order to the extent that it ordered him to be retried rather than requiring the State to extend the six-year offer again. We agree that the trial court erred in its selection of remedy and remand for further proceedings.

The postconviction court held an evidentiary hearing and found that Appellant met both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984), and the factors set forth in *Alcorn v. State*, 121 So. 3d 419, 430 (Fla. 2013), thereby establishing ineffective assistance of counsel resulting in the prejudice of rejecting a more favorable sentence through the offered plea agreement. The postconviction court specifically found that Appellant would have accepted the six-year offer, the State would not likely have withdrawn

the offer, and the court would probably have approved it. Nobody appeals those findings.[1]

In *State v. Elma*, 325 So. 3d 139 (Fla. 5th DCA 2020), this Court was faced with similar circumstances of misadvice leading to the rejection of a favorable plea offer, followed by a guilty verdict and the imposition of a far less favorable sentence. In accordance with *Lafler v. Cooper*, 566 U.S. 156 (2012), we concluded that the postconviction court erred in scheduling Elma for a new trial. We determined that the proper remedy was for the postconviction court to order the State to reoffer the rejected plea deal. *Id.* at 142.

According to both *Lafler* and *Elma*, if Appellant accepts the offer, the trial court would then be required to exercise its discretion by determining whether to vacate Appellant's conviction and to then resentence him pursuant to the plea agreement or to leave the conviction and original sentence undisturbed. *Id.* (citing *Lafler*, 566 U.S. at 174). As this Court did in *Elma*, we affirm the postconviction court's order to the extent that it found Appellant had been prejudiced by ineffective assistance of counsel, but

---

[1] We reject the State's tipsy coachman argument because it would require us to disregard certain findings set forth in the postconviction court's order as if they were erroneous even though they are not challenged by appeal or cross-appeal.

reverse as to the remedy.  We remand for further consideration consistent with *Elma*, *Lafler*, and this opinion.

AFFIRMED IN PART, REVERSED IN PART; AND REMANDED FOR CONSIDERATION.

LAMBERT, C.J., EDWARDS and JAY, JJ., concur.